UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EUGENE POLLARD,

                                       Plaintiff,

                                                                                           <u>DECISION AND ORDER</u>

                                                                                            07-CV-6224L

            v.

JEFFREY HELF,
JOHN HUNTZINGER,

                                       Defendants.
_____

      Plaintiff, Eugene Pollard, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants Jeffrey Helf and John Huntzinger, both of whom at all relevant times were employed by DOCS as parole officers at Orleans Correctional Facility, violated plaintiff's constitutional rights by stating to the New York State Board of Parole that plaintiff had been convicted of first-degree assault, despite plaintiff's having previously provided defendants with documentation showing that his assault conviction had been vacated and dismissed. Defendants have moved for summary judgment.

      Defendants' motion is granted. The undisputed facts show that defendants forwarded to the Parole Board the information that plaintiff's assault conviction had been vacated on appeal. *See* Dkt.

#14 Ex. C. The record also shows that the Parole Board was aware of that fact when it denied plaintiff's application for parole. See Dkt. #14 Ex. D, Ex. E.

In addition, while the Parole Board, in denying parole, did mention plaintiff's assault conviction, Dkt. #14 Ex. E at 8, there is no evidence suggesting that the board would have reached a different decision had it not taken that conviction into consideration. Rather, the Parole Board's decision appears to have been based mostly on plaintiff's conviction for murder, which arose out of the same facts as his assault conviction, and which was affirmed in the same decision in which his assault conviction was vacated. See People v. Pollard, 150 A.D.2d 397 (2d Dep't 1989). In short, there is no factual support for plaintiff's claims.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #13) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 22, 2009.